OPINION *Page 2 
{¶ 1} Defendant Anthony Cook appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of burglary in violation of R.C.2911.12, after a jury found him guilty. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE JURY VERDICT FINDING APPELLANT GUILTY OF BURGLARY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION."
 {¶ 3} Appellant was accused of breaking into the home of Tiffani Grimes. At trial, the State presented the testimony of three witnesses: Stanley Pearson, Tiffani Grimes, and Canton City Police Detective Charles Lancaster.
 {¶ 4} Pearson is Grimes' teenage son. He testified he happened to be home because his school was not in session that day. He was upstairs when he heard a noise downstairs and someone telling the dogs to shut up. Pearson heard another person, who was apparently still outside, yell, "Tink". Pearson knew appellant by that nickname. Pearson went to investigate, and encountered appellant coming up the stairs. Pearson testified he came within 15 feet of appellant. When appellant saw Pearson, he exclaimed "Shit" and ran back down stairs. Pearson got his baseball bat and called his mother and police. When he checked the house, he found an open window in his mother's downstairs bedroom.
 {¶ 5} Pearson later picked appellant's photo out of a photo array. Pearson testified he knew appellant because appellant had hung out with Grimes' boyfriend, and *Page 3 
was in their home every day until Grimes and her boyfriend got into an argument and the boyfriend moved out.
 {¶ 6} Grimes testified she discovered that $550 in cash was missing from her dresser drawer and her pain medication had been removed from the bathroom.
 {¶ 7} Detective Lancaster testified he spoke with both Grimes and Pearson, and Pearson told him the person who had broken in was named "Tink". The officer testified Grimes told him appellant went by this nickname. Lancaster described Pearson's identification of appellant from the photo array.
 {¶ 8} Appellant admitted he had spent some time in Grimes' home with her boyfriend, and was familiar with both Pearson and Grimes. Appellant denied breaking into the home or removing any property from it.
 {¶ 9} R.C.2911.12 (A) states in pertinent part: "No person, by force, stealth, or deception shall do any of the following: * * * (2) trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense * * *"
 {¶ 10} When reviewing a claim a jury's verdict is against the manifest weight of the evidence, this court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered, State v. Tapp, Delaware App. No. 2006-CAA-090058,2007-Ohio-2959, *Page 4 
paragraph 35, citations deleted. Our inquiry requires us to determine whether the evidence produced rises to the high degree of probative certainty required of a criminal conviction, from which a jury could reasonably conclude the State had proven all the elements of the crime beyond a reasonable doubt, Id., citing State v. Eley (1978),56 Ohio St. 2d 169, 10 O. O. 3d 340, 383 N.E. 2d 132, syllabus by the court;State v. Getsy (1998), 84 Ohio St. 3d 180, 193-94, 1998-Ohio-533,702 N.E. 2d 866.
 {¶ 11} We have reviewed the record, and we find there was sufficient, competent and credible evidence from which a reasonable jury could determine the State had proven each element of the offense beyond a reasonable doubt, and we conclude the jury did not clearly lose its way or create a manifest miscarriage of justice.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 By Gwin, P.J., Wise, J., and Delaney, J., concur *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1